## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**DOUGLAS R. MILLER**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

September 29, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:     *Kenneth L. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
         Civil No. 24-2627-DRM

Dear Counsel:

On September 11, 2024, Plaintiff Kenneth L. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 13, 15 & 16. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for a Title XVI application for Supplemental Security Income ("SSI") benefits on March 31, 2020, alleging a disability onset of June 2, 2019. Tr. 199-201. Plaintiff's claims were denied initially and on reconsideration. Tr. 95-101. On March 10, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 12-32. Following the hearing, on March 29, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12-32. The Appeals Council denied Plaintiff's request for review. Tr. 1-6. After exhausting all administrative remedies, Plaintiff filed an action for judicial review. Tr. 800. On August 24, 2023, the Court remanded case to the Commissioner for further proceedings in accordance with the fourth sentence of section 205(g) of the Social Security Act. Tr. 796-798. Accordingly, on November 15, 2023, the Appeals Council

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on September 11, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Kenneth L. v. Bisignano*
Civil No. 24 -2627-DRM
September 29, 2025
Page 2

vacated the final decision of the Commissioner of Social Security and remanded this case to an ALJ. Tr. 788-793. On April 11, 2024, the ALJ held a telephonic hearing. Tr. 738-759. On July 1, 2024, the ALJ rendered his decision denying Plaintiff's claims for SSI. Tr. 738-759. All administrative remedies having apparently been exhausted, Plaintiff filed this second action for judicial review. It follows that the ALJ's July 1, 2024 decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 31, 2020, the application date[.]" Tr. 743. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "diabetes mellitus, depressive disorder, anxiety disorder, and bipolar disorder[.]" Tr.743. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "pancreatitis, hypertension, degenerative disc disease, and left shoulder pain," as well as sleep apnea. Tr. 743-744. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 744. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b) except [h]e can perform work that never involves climbing that requires the use of ladders, ropes, and scaffolds. He needs to avoid all hazards. He can perform jobs consisting of simple, routine, and repetitive tasks, involving only simple work-related decisions (2-3 step instruction/tasks), with only occasional changes in the routine work setting, but not at a production rate pace as would be required in an assembly line where each job task must be completed within strict time periods. He can perform jobs with occasional interaction with supervisors and coworker (but he cannot perform tandem work). He cannot interact with the public. Time off-task during the workday can be accommodated by normal breaks, i.e., he is able to sustain concentration and attention for at least two hours at a time.

Kenneth L. v. Bisignano
Civil No. 24 -2627-DRM
September 29, 2025
Page 3

Tr. 746. The ALJ determined that Plaintiff had no past relevant work, but could perform other jobs that existed in significant numbers in the national economy, such as that of a housekeeper (DOT[3] # 323.687-014), Garment Sorter (DOT # 222.687-014), and Tagger (DOT # 229.587-018). Tr. 752. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 752.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

Plaintiff raises one central argument on appeal, specifically that the ALJ did not apply the proper legal standards when assessing Plaintiff's residual functional capacity, rendering the denial of benefits unreviewable and unsupported by substantial evidence. ECF No. 13 at 7. Defendant counters that the ALJ properly evaluated Plaintiff's physical impairments and reasonably concluded that Plaintiff could stand and walk six of eight hours during the workday. ECF No. 15 at 7. Furthermore, Defendant stresses that the Fourth Circuit has declined to adopt a per se rule requiring remand where an ALJ fails to carry out an explicit function-by-function analysis. ECF No. 15 at 14.

Remand is warranted because, as Plaintiff correctly argues, the Court is unable to discern the ALJ's rationale in limiting the Plaintiff to light work. To be sure, the Court recognizes that the Fourth Circuit has declined to adopt a per se rule that requires remand when an ALJ fails to carry out an explicit function-by-function analysis. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). However, this Court further recognizes that remand is appropriate where a function was "critically relevant" to determining a claimant's disability status and the ALJ fails to perform such

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

an analysis. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 389 (4th Cir. 2021); *see also Venkata P. v. Commissioner, Soc. Sec. Admin.*, No. SAG-23-2013, 2024 WL 2273565, at *3 (D. Md. May 20, 2024) (remanding where an ALJ failed to explain how the claimant could fulfill each of the implicit exertional requirements of sedentary work). Whether Plaintiff can carry out the exertional requirements (i.e. lifting/carrying, standing, walking, sitting, pushing, and pulling) of light work is critically relevant to determining Plaintiff's disability status. Thus, the ALJ was required to show how the light work category accurately accounted for Plaintiff's abilities, by demonstrating how the evidence supports a finding that the Plaintiff can fulfill each of the implicit exertional requirements of light work.

As Defendant notes in its response, the ALJ does make references to Plaintiff's symptoms in his analysis, Tr. 746-747, but such references do not equate to the function-by-function assessment called for in SSR 96-8p. *See, e.g.*, *Jon S. v. Kijakazi*, No. ADC-22-2513 (D. Md. Aug. 15, 2023) (reasoning that function-by-function assessment is not the same as an assessment of the intensity and persistence of Plaintiff's symptoms); *Nancy G. v. Kijakazi*, No. GLS 20-3440, 2022 WL 363824, at *4 (D. Md. Feb. 4, 2022) (remanding where ALJ used a symptom evaluation approach in calculating a claimant's RFC due to lack of substantial evidence). The Court also notes that while the ALJ does cite to the relevant regulation at issue here, "mere citation" does not equate to evaluating the relevant functions in the context of Plaintiff's limitations. *Henderson v. Kijakazi*, No. AAQ-20-3346, 2022 WL 1555408, at *4 (D. Md. May 17, 2022). Given this lack of analysis, the Court is left with a conclusory assertion that Plaintiff can perform light work, as no "accurate and logical bridge" between the evidence and the ALJ's residual function determination appears in the ALJ's opinion. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Finally, the Court finds unpersuasive Defendant's argument that Plaintiff waived his arguments beyond Plaintiff's physical impairments, as the relevant discussion in Plaintiff's opening brief plainly encompassed all impairments that could affect exertional functioning, including mental impairments. ECF No. 13 at 14.

Because the case is being remanded on other grounds, I need not address Plaintiff's remaining arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.    **CONCLUSION**

For the reasons set forth herein, and pursuant to sentence four of 42 U.S.C. § 405(g), the REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

*Kenneth L. v. Bisignano*
Civil No. 24 -2627-DRM
September 29, 2025
Page 5

Sincerely,

_____/s/_____

Douglas R. Miller
United States Magistrate Judge